UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

THOMAS MAJOR, et al.　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiffs,　　　　　　*
　　　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　　　*　　Civil Action No.: L-02-CV-1334
　　　　　　　　　　　　　　　　　　*
MOUNTAIRE FARMS, INC., et al.　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Defendants.　　　　　　*

**SETTLEMENT AGREEMENT, RECEIPT AND RELEASE**

This Settlement Agreement, Receipt and Release ("Settlement Agreement") is made and entered into between Mountaire of Delmarva, Inc. and Mountaire Farms of Delaware, Inc. ("the Company") and the Plaintiffs, whose names are listed in Attachment 1 to this Agreement.

**RECITALS**

1.　　The Plaintiffs wish to resolve any and all disputes and/or claims arising out of their employment with the Company at its Millsboro, Delaware and Selbyville, Delaware facilities from the beginning of their employment relationship with the Company up to and including the effective date of this Settlement Agreement including, but not limited to, the claims asserted in the matter styled, *Thomas Major, et al. v. Mountaire Farms, Inc., et al.*, Civil Action No. L-02-CV-1334, which is currently pending before the United States District Court for the District of Maryland.

2.　　The Company also, for economic reasons, desires to resolve the aforementioned lawsuit which is currently before the United States District Court for the District of Maryland.

Accordingly, the Company will pay the Plaintiffs the amounts specified below. In exchange for this sum, the Plaintiffs are entering into this Settlement Agreement with the Company to ensure that any dispute that the Plaintiffs had, have or may have had concerning their employment with the Company are fully settled, compromised, waived and released. Both the Plaintiffs and the Company desire to bring any such conflicts to a conclusion and to avoid any future costs and expenses which would be necessary in prosecuting and defending such claims.

WHEREFORE, the parties make the following Agreement:

## AGREEMENT

For good and valuable consideration, the receipt of which is hereby acknowledged:

3.  The Company agrees to pay the Plaintiffs the sum of Fifty-Three Thousand Dollars ($53,000.00) for all claims alleged in the Complaint in the above-styled matter, based on the Fair Labor Standards Act, the Employment Retirement Income Security Act (ERISA) or any other state or local wage-hour laws which will include claims for back pay, liquidated damages, actual damages, punitive damages, statutory treble damages, interest, equitable relief, injunctive relief, costs and attorney's fees arising prior to the date of this Settlement Agreement.

4.  The amount payable to each Plaintiff shall be paid in two (2) equal checks. The first check shall be subject to all applicable federal, state and local taxes and will be reported on a W-2 form for the year 2003. The second check shall not have any federal, state or local taxes withheld and will be reported, if required, on a 1099 form for the year 2003.

5.  The Company agrees to pay counsel for the Plaintiffs Fifty-Three Thousand Dollars ($53,000.00) in full and final settlement of all claims for attorney's fees, costs and other

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

time and expenses which counsel for the Plaintiffs has incurred or, may in the future incur, in distributing the funds specified above in Paragraphs 3 and 4.

6. In exchange for the aforementioned legally sufficient consideration, the Plaintiffs hereby and forever release and discharge the Company and its parent corporations, subsidiaries, affiliates, directors, officers, owners, agents, insurers, employees and representatives from any and all causes of action, indebtedness, damages, losses, claims, liabilities and demands in law or in equity of whatever kind and character, whether known or unknown, and any matter whatsoever arising from or attributed to their employment with the Company.

7. In further exchange for the aforementioned monetary consideration, the Plaintiffs agree to dismiss and withdraw and hereby instruct their attorney of record to dismiss and withdraw the lawsuit identified in Paragraph 1 of this Settlement Agreement. The dismissal of the above-referenced lawsuit is to be with prejudice and each party shall bear its own costs.

8. The Plaintiffs understand and expressly agree that this Settlement Agreement extends to all claims, lawsuits, charges or causes of action in law or in equity of any kind and nature, known or unknown, suspected or unsuspected, past or present, arising from or attributable to any alleged unlawful employment practice of the Company, its parent corporation, affiliates, subsidiaries, owners, directors, officers, agents, insurers, employees, and representatives and all such claims are hereby expressly settled or waived. This Settlement Agreement includes but is not limited to, a waiver of any claims arising under the Fair Labor Standards Act, ERISA, or any state or local wage and hour law, including claims for back pay, liquidated damages, actual damages, punitive damages, statutory treble damages, interest, equitable relief, injunctive relief, costs and attorneys' fees arising prior to the date of this Settlement Agreement.

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD

9. This Settlement Agreement has been achieved to avoid additional expenses inherent in litigation and that by entering into this Settlement Agreement neither party admits to unlawful conduct or any other wrongdoing in connection with the Plaintiffs' employment with the Company at either its Millsboro, Delaware facility or its Selbyville, Delaware plant. In addition, this Settlement Agreement does not constitute and shall not be used in any future proceeding to constitute any evidence of any unlawful conduct or wrongdoing on the part of the Company.

10. This Settlement Agreement is for the benefit of the Company, including its plants located in Millsboro and Selbyville, Delaware and their past, present and future parent companies, affiliates, subsidiaries, stockholders, directors, employees, agents, and employee benefit plans, including their trustees, fiduciaries, insurers and administrators, successors and assigns.

11. This Settlement Agreement binds the parties and their attorneys, estates, assigns, and agents. The parties further agree that as part of this Settlement Agreement they, individually and/or collectively, will not disclose any of the terms of this Settlement Agreement to anyone other than their spouses or legal or financial advisors. This Settlement Agreement is conditioned upon the parties' agreement that they will not disclose the terms of this Settlement Agreement to anyone except the persons identified in the preceding sentence.

12. This Settlement Agreement may not be amended except by an instrument in writing signed on behalf of the Plaintiffs and the Company.

13. The parties to this Agreement agree that the Court file in this case shall be closed pursuant to Local Rule 105.11.

SHAWE
&
ROSENTHAL, LLP
BALTIMORE, MD.

14. Counsel for the Plaintiffs warrant that they have the authority to enter into this Settlement Agreement on behalf of each Plaintiff, and that all Plaintiffs have agreed to be bound as if they personally executed this Settlement Agreement.

15. This Settlement Agreement is the complete agreement between the parties and fully resolves all the matters referred to herein.

16. The effective date of this agreement shall be the day upon which the Court approves it.

17. This Agreement shall be submitted to the Court for its approval.

FOR THE PLAINTIFFS:

_____
C. Christopher Brown
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202-6701
(410) 962-1030

5/7/03
_____
Date

FOR THE DEFENDANTS:

_____
Arthur M. Brewer
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
(410) 752-1040

5/6/03
_____
Date

Approved this _____ day of _____, 2003.

_____
United States District Judge

SHAWE & ROSENTHAL, LLP
BALTIMORE, MD

#79535